FRANCIS T. FOSTER AND MAUREEN P. FOSTER, PETITIONERS
*v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 16696–10.        Filed January 30, 2012.

Ps sold their house on June 6, 2007, and purchased another house on July 28, 2009. Ps, pursuant to I.R.C. sec. 36, claimed a first-time homebuyer credit relating to their new house. *Held*: Ps owned a present interest in a principal residence within three years prior to the date of purchase of the new house and, thus, are not eligible for a first-time homebuyer credit.

Francis T. Foster and Maureen P. Foster, pro sese.
*Michael T. Shelton*, for respondent.

FOLEY, *Judge*: After concessions, the issue for decision is whether petitioners are entitled to a section 36[1] first-time homebuyer credit relating to 2008.

### FINDINGS OF FACT

In 1974, Francis and Maureen Foster purchased a residence in Western Springs, Illinois (old house). In February 2006, petitioners listed the old house for sale and began to spend considerable time at Mrs. Foster's parents' house in La Grange Park, Illinois (parents' house). Petitioners did not pay rent or pay for utility services at the parents' house.

On April 6, 2006, Mrs. Foster renewed her State-issued driver's license which set forth the old house address. Petitioners also provided that address on their 2005 joint Federal income tax return filed October 16, 2006. During 2006 and 2007, at the old house, which was fully furnished, petitioners maintained utility services, frequently stayed overnight, hosted family holiday gatherings, kept personal belongings, accessed the Internet,[2] and received bills and correspondence.

On April 7, 2007, petitioners entered into an unconditional contract to sell the old house. Later that month, petitioners filled out an apartment rental application on which they listed the old house as their current address. Petitioners executed the apartment rental agreement on June 1, 2007; finalized the sale of the old house on June 6, 2007; and purchased a residence in Brookfield, Illinois (new house), on July 28, 2009.

On their joint Federal income tax return relating to 2008, petitioners claimed an $8,000 first-time homebuyer credit (FTHBC) relating to their purchase of the new house.[3] Respondent subsequently issued petitioners a notice of deficiency relating to 2008, determining that they were not entitled to claim any portion of the FTHBC. Petitioners, on July 23, 2010, while residing in Illinois, timely filed a petition with the Court.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Internet services were not available at the parents' house.

[3] Pursuant to sec. 36(g), a taxpayer may claim an FTHBC on the taxpayer's Federal income tax return for the calendar year preceding the year of purchase of the principal residence.

OPINION

Section 36(a) allows a credit for a first-time homebuyer of a principal residence. A "first-time homebuyer" is any individual (including an individual's spouse) having no present ownership interest in a principal residence for three years prior to the date of purchase of a principal residence. Sec. 36(c)(1). Thus, petitioners are eligible as first-time homebuyers if they had no interest in a principal residence after July 27, 2006, and before July 28, 2009 (i.e., the period three years prior to the purchase of their new house). Petitioners owned the old house until June 6, 2007, but contend that they ceased using it as their principal residence in February 2006.[4] We disagree.

Whether property is used by a taxpayer as a principal residence depends upon all the facts and circumstances. *See* sec. 36(c)(2); sec. 1.121–1(b)(2), Income Tax Regs. In addition to the taxpayer's use of the property, relevant factors include, but are not limited to, the address listed on the taxpayer's tax returns and driver's license and the mailing address for bills and correspondence. Sec. 1.121–1(b)(2), Income Tax Regs.

The old house remained petitioners' principal residence after July 27, 2006. Petitioners continued to identify the old house as their address when Mrs. Foster renewed her driver's license and when they filed their Federal income tax returns. Furthermore, petitioners readily acknowledge that, at the old house, they continued to receive bills and correspondence, maintained utilities, kept furniture and other possessions, frequently slept overnight, and hosted family during holidays. Conversely, at the parents' house, petitioners did not pay rent or contribute towards the cost of utility services.

The old house remained petitioners' principal residence after July 27, 2006, and thus, three years did not lapse prior to their purchase of the new house. Accordingly, petitioners are not entitled to the FTHBC relating to 2008.

---

[4] Pursuant to sec. 7491(a), petitioners have the burden of proof unless they introduce credible evidence relating to the issue that would shift the burden to respondent. *See* Rule 142(a). Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial. *See Martin Ice Cream Co. v. Commissioner*, 110 T.C. 189, 210 n.16 (1998).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

*Decision will be entered for respondent.*