T.C. Summary Opinion 2012-77

UNITED STATES TAX COURT

DONNA I. COLCA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1680-11S.                     Filed August 6, 2012.

Donna I. Colca, pro se.

<u>Cassidy B. Collins</u> and <u>Elaine Tamiko Fuller</u>, for respondent.

SUMMARY OPINION

SWIFT, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to  the Tax Court Rules of Practice and Procedure.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $8,000 in petitioner's 2009 Federal income tax. The issue for determination is whether petitioner is entitled to an $8,000 first-time homebuyer credit (FTHBC).

Background

This case has been fully stipulated under Rule 122, and the stipulated facts are so found.

At the time of filing the petition, petitioner resided in California.

In 1954 petitioner's parents purchased a residence on Flynn Street in La Puente, California (Flynn residence). In the 1970s petitioner's parents paid off the mortgage on the Flynn residence.

In 1993 petitioner moved back in with her parents, and she has used the Flynn residence as her principal residence through the time of trial.

On September 30, 1999, petitioner's parents created the Donald G. Van Sickle and Margaret F. Van Sickle Revocable Living Trust (family trust). Petitioner's parents transferred cash and the Flynn residence to the family trust.

During their lives petitioner's parents were the cotrustees of the family trust. Petitioner and her brother were the successor cotrustees. The beneficiaries of the

family trust included petitioner's brother; the grandchildren of petitioner's parents who, when the trust became irrevocable (discussed infra), consisted of six grandchildren; and petitioner.

On May 27, 2008, petitioner's mother died. Six weeks later on July 18, 2008, petitioner's father died. Upon petitioner's father's death the family trust became irrevocable and both petitioner and her brother received a vested one-third ownership interest in the family trust property. The six grandchildren shared equally in the remaining vested one-third ownership interest.

On November 18, 2008, an affidavit regarding the death of petitioner's parents was recorded in Los Angeles, California, and petitioner and her brother accepted appointment as trustees of the family trust.

In February 2009 all beneficiaries of the family trust signed and executed a beneficiary agreement relating to the family trust and to the estates of their deceased parents (or grandparents). In accordance with the terms of the beneficiary agreement the trust property, which included the Flynn residence and $183,837 cash, was to be distributed in the following manner: petitioner and her brother each received a 50% ownership interest in the Flynn residence and $7,812

in cash; the six grandchildren each received $27,969 in cash; and $399 was reserved for costs.[2]

On March 7, 2009, in order to purchase her brother's separate 50% ownership interest in the Flynn residence, petitioner gave her brother a $160,000 promissory note.

On June 1, 2009, petitioner paid her brother $156,873 on the promissory note, and a deed was recorded signed by her brother transferring his 50% ownership interest in the Flynn residence to her. The effective date of the sale of the Flynn residence was stated as May 21, 2009.

On her 2009 timely filed Federal income tax return petitioner claimed an $8,000 FTHBC relating to her purchase of her brother's 50% ownership interest in the Flynn residence.

On October 19, 2010, respondent issued a statutory notice of deficiency disallowing petitioner's claimed FTHBC.

---

[2]Nothing in the record indicates when actual distribution of the family trust property occurred. However, in this case, the date of actual distribution is not necessary in determining when petitioner acquired an ownership interest in property.

## Discussion

Section 36(a) allows a credit to a first-time homebuyer of a principal residence. A first-time homebuyer is any individual who has had no present ownership interest in a principal residence for three years before the purchase of the residence in question. Sec. 36(c)(1); Foster v. Commissioner, 138 T.C. 51, 53 (2012). Thus, petitioner is eligible as a first-time homebuyer only if she had no present ownership interest in a principal residence between May 22, 2006, and May 21, 2009.

Petitioner argues that her 50% ownership interest in the Flynn residence that was acquired by the vesting of her interest in the family trust property and by the signing and execution of the beneficiary agreement is immaterial because she is only claiming a FTHBC with respect to the 50% ownership interest in the Flynn residence she purchased from her brother. We disagree.

Any present ownership interest in a principal residence during the stated three-year period disqualifies a taxpayer from claiming a FTHBC. See sec. 36(c)(1); see also Foster v. Commissioner, 138 T.C. at 53; Drain v. Commissioner, T.C. Memo. 2011-242. Petitioner acknowledges that under California law when the family trust became irrevocable she acquired a vested one-third present ownership interest in all of the trust property, including the Flynn residence, and when the

beneficiary agreement was signed and executed she acquired a specific 50% present ownership interest in the Flynn residence. These present ownership interests petitioner held before her purchase of her brother's separate 50% ownership interest disqualify her from receiving the claimed $8,000 FTHBC. To hold otherwise would severely dilute the requirement that a taxpayer have no present ownership interest in a principal residence during the three-year period before the purchase in question.

We sustain respondent's disallowance of the $8,000 FTHBC claimed on petitioner's 2009 Federal income tax return.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.