# In the United States Court of Federal Claims

No. 12-697
Filed: August 26, 2013

\*     \*     \*     \*     \*     \*     \*

| | |
|---|---|
| ALFONSO TRIGGIANI,   \* | Pro Se Plaintiff; I.R.C. § 36; First-Time Homebuyer Credit; |
| Plaintiff,   \* | Definition of First-Time Homebuyer |
| v.   \* | |
| UNITED STATES OF AMERICA,   \* | |
| Defendant.   \* | |

\*     \*     \*     \*     \*     \*     \*

*Alfonso Triggiani*, Quiogue, NY, *pro se*.

*Sarah Starling Marshall*, United States Department of Justice, Tax Division, Washington, DC, for defendant.

## ORDER AND OPINION

**HODGES, J.**

Mr. Triggiani purchased a home in July of 2009, and filed IRS Form 5405 in that tax year to receive the $8000 tax credit for first-time homebuyers. The IRS disallowed plaintiff's claim for credit, and he appealed. In response to the disallowed claim, IRS pointed out that plaintiff had included in recent years deductions for real estate taxes and mortgage interest on a joint return with his wife. IRS denied plaintiff's appeal in slightly different terms. It explained that Mr. Triggiani did not qualify for the credit because his ex-wife had owned their home as a principal residence, and this interest was imputed to plaintiff for purposes of defining a first-time homebuyer. Mr. Triggiani appealed to this court.

Mr. Triggiani and his wife are divorced. His ex-wife continues to have an ownership interest in the residence they shared. Their settlement agreement is dated July 9, 2009, before plaintiff purchased the home for which he claims the credit on July 20. Defendant argues in this court that plaintiff is not entitled to the credit because his divorce decree was not final until September, well after plaintiff purchased his home. Plaintiff cites the July 9 marital settlement agreement to establish the date of the divorce. Defendant contends nevertheless that the divorce was not final until after his purchase of the home.

The benefit for first-time homebuyers was a tax credit of ten percent of the purchase price of a principal residence, up to $8000. I.R.C. § 36(a), (b). Section 36 of the Internal Revenue Code defines "first-time homebuyer of a principal residence" as an "individual if such individual (and if married, such individual's spouse) had no present ownership interest in a principal residence during the 3-year period ending on the date of the purchase of the principal residence to which this section applies." I.R.C. § 36(c)(1). Defendant contends that Mr. Triggiani does not qualify as a first-time homebuyer under the statute because he was married when he purchased the new residence for which he seeks the credit. His spouse had a present ownership interest in a principal residence during the three-year period before the purchase.

Mr. Triggiani and his wife executed a marital settlement agreement to memorialize their decisions regarding issues such as division of property and spousal support. They signed this agreement on July 9, 2009. So far as they were concerned, this was the date of their divorce. However, the contract itself makes clear that the agreement is not a judgment of divorce. It states, "each of the Parties desires that this Agreement shall be incorporated, but not be merged in, any judgment of divorce that may be entered between them. . . . If either Party begins an action for dissolution of the marriage in this state or any other jurisdiction, with respect to the final judgment or decree which may be entered in the action . . . ."

Mr. Triggiani's divorce action was adjudicated by a New York court in September 2009. The docket sheet for the action lists an "uncontested matrimonial judgment" granted on September 23, 2009. The record shows that a Notice of Entry lists the Judgment of Divorce as entered by the Office of the Clerk of the Supreme Court, New York County, on September 28.

Mr. Triggiani could have qualified as a first-time homebuyer only by purchasing his new home after his divorce was final; the settlement agreement was not recognized by IRS as evidence of a final divorce. Where plaintiff's ex-wife owned a principal residence prior to the court's entering a divorce decree, plaintiff was legally married when he purchased the property at issue. A beneficial interest in the home was imputed to him, according to IRS Regulations, so plaintiff cannot qualify as a first-time homebuyer.

Plaintiff's motion for summary judgment is DENIED. Defendant's cross motion for summary judgment is GRANTED. The Clerk of Court will dismiss the Complaint. No costs.

IT IS SO ORDERED.

_____
Robert H. Hodges, Jr.
Judge

2