**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-84

UNITED STATES TAX COURT

GARY P. HERRING, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29141-11S.                    Filed October 30, 2013.

Gary P. Herring, pro se.

Clint J. Locke, for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended, in effect for the year at issue.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency (notice) dated September 21, 2011, respondent determined a $7,553 deficiency in petitioner's 2008 Federal income tax. The issue for decision is whether petitioner is entitled to the first-time homebuyer credit (FTHBC) claimed on his 2008 Federal income tax return (2008 return).

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Alabama.

Petitioner and his former spouse, married on a date not disclosed in the record, separated in 1999 and were divorced before the year in issue.

In 1963 petitioner, his younger brother, and his former spouse, as partners, acquired an 80-acre tract of mostly unimproved land in Brownsboro, Alabama (Brownsboro tract). In 2007, in connection with petitioner's divorce proceedings, they sold approximately 74 acres of the Brownsboro tract (2007 sale). Although the record is less than clear, it appears that at some point before the 2007 sale some of the Brownsboro tract had been subdivided into two-acre lots. After the 2007 sale, and pursuant to an arrangement among petitioner, his former spouse,

and his younger brother, petitioner became the sole owner of one of these lots, at 210 Raintree Road (Raintree property). Petitioner actually began development of the Raintree property in 2001. However, development of the Raintree property was suspended as a result of an injunction issued during the divorce proceedings between petitioner and his former spouse.

Upon the death of their mother in 1995, petitioner and his two brothers each inherited a one-third interest in their family home in Cullman, Alabama (Cullman house). In 1999 petitioner moved into the Cullman house, which he considered his "primary residence" from then until 2007. For 2005, 2006, and 2007 he sought relief from local real estate taxes attributable to the Cullman house by claiming a homestead exemption from the revenue commissioner for Cullman, Alabama, which, according to petitioner, he was entitled to because the Cullman house was his primary residence.

In the fall of 2007, upon the conclusion of his divorce proceedings and the sale of the Brownsboro tract, petitioner resumed the development of the Raintree property, which included the construction of a house that he intended to use as a principal residence (Raintree house). While the Raintree house was under construction, petitioner lived in a recreational vehicle parked on the Raintree

property; on weekends he returned to the Cullman house in order to provide childcare services for his neighbor. The Raintree house was completed and ready for occupancy on June 6, 2008; petitioner began living there June 8, 2008.

Petitioner's 2008 return was timely efiled on March 30, 2009. Included with his 2008 return is a Form 5405, First-Time Homebuyer Credit, on which he claimed the FTHBC here in dispute. The FTHBC is attributable to the Raintree house. According to respondent, petitioner is not entitled to the FTHBC because of his ownership interest in the Cullman house.

Petitioner's 2010 Federal income tax return includes a Form 5405, Repayment of the First-Time Homebuyer Credit, as does his 2011 Federal income tax return. On each of those returns petitioner reported a Federal income tax liability $500 greater than otherwise due because of the FTHBC claimed on the 2008 return.[2]

---

[2]Under the circumstances of this case, the first-time homebuyer credit, as then allowable, resembled more a non-interest-bearing loan repayable through increases to a taxpayer's otherwise due Federal income tax for subsequent periods than it did a credit. See sec. 36(f)(1). Petitioner repeatedly made this analogy during the trial.

Discussion

Like deductions, credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any credit claimed. See Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Segel v. Commissioner, 89 T.C. 816, 842 (1987).[3]

Section 36(a) allows a credit for a first-time homebuyer of a principal residence. A first-time homebuyer is defined as any individual who has had no present ownership interest in a principal residence during the three-year period ending on the date of the purchase of the principal residence in question. Sec. 36(c)(1); Foster v. Commissioner, 138 T.C. 51, 53 (2012). When the taxpayer constructs a residence, the date of purchase of the residence is "the date the taxpayer first occupies such residence". Sec. 36(c)(3)(B).

_____

[3]Petitioner argued for the application of sec. 7491(a), which, subject to certain conditions, shifts the burden of proof from the taxpayer to the Commissioner with respect to "any factual issue relevant to ascertaining the liability for any taxpayer for any tax imposed" by various provisions of the Internal Revenue Code of 1986. Because there are no factual disputes here, and because petitioner's entitlement to an FTHBC is determined by the application of law to the facts agreed upon by the parties, we need not consider petitioner's argument. See, e.g., Estate of Bongard v. Commissioner, 124 T.C. 95, 111 (2005).

Pursuant to section 36(c)(1), petitioner is considered to have "purchased" the Raintree house on June 8, 2008, the date he first occupied it. Accordingly, petitioner is eligible as a first-time homebuyer only if he had no present ownership interest in a principal residence between June 7, 2005, and June 8, 2008.

According to respondent, petitioner was not a first-time homebuyer within the meaning of section 36(c)(1) with respect to the Raintree house because petitioner inherited a one-third ownership interest in the Cullman house in 1995 and used that house as his principal residence during the three-year period ending on the date of the purchase of the Raintree house. Petitioner readily acknowledges that during the relevant period he owned a one-third interest in the Cullman house and that he used that house as his principal residence.[4] That being so, petitioner is not a "first-time homebuyer" within the meaning of section 36(c) with respect to the Raintree house, and he is not entitled to the FTHBC here in dispute.

_____

[4]For purposes of the FTHBC, sec. 36(c)(2) provides that the term "principal residence" has the same meaning as in sec. 121. Whether a taxpayer uses a property as his principal residence depends upon all the facts and circumstances. See sec. 1.121-1(b)(2), Income Tax Regs. In the light of petitioner's acknowledgment that he used the Cullman house as his principal residence during the relevant period, there is no need to discuss the relevant factors identified in sec. 1.121-1(b)(2), Income Tax Regs., for determining a taxpayer's principal residence. Suffice it to note that applying the factors here supports a finding that petitioner used the family home as his principal residence during the relevant period.

Although the facts in this case demand the inevitable foregoing result, we think it appropriate to comment upon two arguments advanced by petitioner. According to petitioner, he entered into an enforceable contract with the Internal Revenue Service (IRS) when he filed his 2008 Federal income tax return with the attached Form 5405, claiming the FTHBC. According to petitioner, the IRS agreed to lend petitioner $7,500 at 0% interest, repayable in $500-a-year installment payments for a term of 15 years. He further contends that the IRS ratified the contract by accepting his 2010 and 2011 Federal income tax returns, both of which included a $500 repayment of the FTHBC.

Simply put, he is incorrect on the point. We are aware of no authority that, in general, provides that items shown on a Federal income tax return can give rise to a contractual relationship between a taxpayer and the IRS, or specifically, allows a taxpayer to establish a contractual relationship with the IRS by claiming the FTHBC on a Federal income tax return. For the most part, an item shown on a return does little more than to establish, at least as of the date of the filing of the return, the taxpayer's position with respect to that item. See Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979). Petitioner's claim that he is entitled to the FTHBC because of a contractual relationship with the IRS is rejected.

Separate and apart from his contractual relationship argument, petitioner also argues that it is unfair that the deficiency here in dispute does not take into account the "repayments" that he made in later years. Petitioner's argument in this regard has a certain attraction, if only on equitable grounds. While we sympathize with petitioner, we cannot give effect to his argument. The definition of deficiency as found in section 6211 does not take into account the increases in a taxpayer's Federal income tax liability for subsequent periods required by section. 36(f)(1).

As was pointed out to petitioner during trial, however, and noted in respondent's memorandum of authorities, petitioner is not without a remedy. Petitioner may file claims for refunds for 2010 and 2011 on account of the overpayments of Federal income tax for both of those years resulting from the application of section 36(f)(1). We expect that in response to any such claims, respondent will take the necessary action to ensure that petitioner's claims for refund, if made, will be processed consistent with the disallowance of the FTHBC here in dispute.

To reflect the foregoing,

Decision will be entered

for respondent.