**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-99


UNITED STATES TAX COURT


RODRIGO AUGUSTO GALVEZ AVILEZ AND DALAWN HERNANDEZ,
Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9066-12S.                    Filed December 9, 2013.


Rodrigo Augusto Galvez Avilez and Dalawn Hernandez, pro sese.

<u>Mark H. Howard</u>, for respondent.


SUMMARY OPINION


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2008 Federal income tax of $8,000 and an accuracy-related penalty of $1,600 pursuant to section 6662(a). The issues for decision are:

(1) Whether petitioners are entitled to the first-time homebuyer credit (FTHBC).  We hold that they are not; and

(2) whether petitioners are liable for the accuracy-related penalty under section 6662(a).  We hold that they are.

## Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioners resided in Utah at the time that the petition was filed.

For the sake of convenience, we refer to petitioner Rodrigo Augusto Galvez Avilez as Mr. Galvez, and to petitioner Dalawn Hernandez as Ms. Hernandez.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Before both the year in issue and her marriage to Mr. Galvez, Ms. Hernandez purchased a home at 1227 South Redwood Drive, Salt Lake City, Utah (South Redwood Drive home) and used it as her primary residence.

Petitioners married in December 2006. At that time Ms. Hernandez still owned the South Redwood Drive home, and petitioners both lived in it and used it as their primary residence.

In January 2008 petitioners separated, and Mr. Galvez moved out of the South Redwood Drive home. As of the date of trial, Ms. Hernandez continued to own the South Redwood Drive home and to use it as her primary residence.

In early 2009, while petitioners were separated but still legally married, Mr. Galvez purchased a home at 5833 South Utahna Drive, Murray, Utah (South Utahna Drive home). The purchase of the South Utahna Drive home closed on April 10, 2009, and Mr. Galvez moved in shortly thereafter.

Petitioners retained Joel Guerrero, a translating specialist, to prepare a joint Federal income tax return for 2008. Mr. Guerrero advised petitioners that they would qualify for the FTHBC. Petitioners then claimed an $8,000 FTHBC for the South Utahna Drive home on their joint 2008 return and included a Form 5405, First-Time Homebuyer Credit, with the return.

Mr. Guerrero signed petitioners' joint 2008 return as the preparer, stating that he was self-employed as a translating specialist. Petitioners also signed the return and timely filed it.

Petitioners were granted a divorce in June 2011 by decree of the Third Judicial District Court of Salt Lake County, Utah.

In February 2012 respondent issued petitioners a notice of deficiency, determining a deficiency of $8,000 attributable to the disallowance of the FTHBC claimed by petitioners. In the notice respondent also determined that petitioners were liable for the accuracy-related penalty pursuant to section 6662(a).

Petitioners timely filed a petition for redetermination of the deficiency and penalty.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); cf. sec. 7491(a), which may serve to shift the burden of proof to the Commissioner if the conditions prescribed by such section are satisfied.

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioners did not allege that section 7491 applies, nor did they introduce the requisite evidence to invoke that section. Accordingly, the burden of proof remains on petitioners.

II. First-Time Homebuyer Credit

Section 36(a) allows a credit for a first-time homebuyer of a principal residence. Section 36(c)(1) defines a "first-time homebuyer" as "any individual if such individual (and if married, such individual's spouse) had no present ownership interest in a principal residence during the 3-year period ending on the date of the purchase of the principal residence to which this section applies." See also Foster v. Commissioner, 138 T.C. 51, 53 (2012).

Section 36(g) provides that a taxpayer who qualified as a first-time homebuyer for a residence purchased between December 31, 2008, and December 31, 2009, may claim the FTHBC on the taxpayer's 2008 tax return.

Mr. Galvez is considered to have purchased the South Utahna Drive residence on April 10, 2009, the date that he closed on its purchase. Consequently, petitioners are eligible as first-time homebuyers only if they had no

present ownership interest in any principal residence between April 10, 2006, and April 10, 2009.

Ms. Hernandez owned the South Redwood Drive residence from before the year in issue to the date of trial and used it as her primary principal residence throughout that period.

Because petitioners were still legally married at the time that the South Utahna Drive residence was purchased and because home ownership by one spouse is attributed to both spouses pursuant to section 36(c)(1), Ms. Hernandez's home ownership is attributed to Mr. Galvez. Therefore, Mr. Galvez was not a first-time homebuyer with respect to the South Utahna Drive residence within the meaning of section 36(c). See Triggiani v. United States, 112 Fed. Cl. 349 (2013) (holding that the taxpayer was not entitled to the FTHBC for a new residence that he purchased after entering into a marital settlement agreement but before the divorce decree was final because of the imputation of his ex-wife's present ownership interest in another principal residence at the time that the taxpayer purchased his new residence). Accordingly, petitioners are not entitled to the FTHBC that they claimed on their joint 2008 return.

## III. Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax that is due to the taxpayer's negligence or disregard of rules or regulations or that is attributable to any substantial understatement of income tax.

The term "negligence" includes any failure to make a reasonable attempt to comply with the tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). By definition and as applicable herein, an understatement is the excess of the tax required to be shown on the tax return over the tax actually shown on the return. Sec. 6662(d)(2)(A). In general, an understatement of income tax is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A).

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer

must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

In the instant case, respondent's notice of deficiency increased the total tax due by $8,000. Because this understatement exceeds $5,000, and further because such latter amount is greater than 10% of the tax required to be shown on petitioners' return, respondent has carried his burden of production. As a result, petitioners now bear the burden to show that an exception to the penalty is applicable. See Higbee v. Commissioner, 116 T.C. at 446-447.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty with respect to any portion of an underpayment if the taxpayer establishes that there was reasonable cause for such portion and the taxpayer acted in good faith with respect to such portion. The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances, including the taxpayer's knowledge, education, and experience, as well as the taxpayer's reliance on professional advice. Thomas v. Commissioner, T.C. Memo. 2013-60; see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000) (providing a three-prong test to establish reasonable reliance on professional advice), aff'd, 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the

most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Humphrey, Farrington & McClain, P.C. v. Commissioner, T.C. Memo. 2013-23; sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioners contend that they had reasonable cause and acted in good faith by relying on advice from their return preparer, Mr. Guerrero.

Reliance on a professional tax adviser's advice may demonstrate reasonable cause and good faith if, taking into account all the facts and circumstances, the reliance was reasonable and the taxpayer acted in good faith. Sec. 1.6664-4(b)(1), (c)(1), Income Tax Regs. Reliance on a tax adviser may be reasonable and in good faith if the taxpayer establishes: (1) The adviser was a competent professional with sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment. Neonatology Assocs., P.A. v. Commissioner, 115 T.C. at 99.

Petitioners retained Mr. Guerrero to prepare their joint 2008 return. The record does not indicate that Mr. Guerrero has any training or expertise in tax preparation. In fact, Mr. Guerrero signed petitioners' joint 2008 return stating that he was self-employed as a translating specialist rather than as a certified public accountant or in some other capacity denoting professional training or expertise in

tax matters. Petitioners did not produce any evidence that Mr. Guerrero has any credentials regarding tax preparation or any tax expertise. Therefore, we cannot conclude that Mr. Guerrero was a competent professional with sufficient expertise to justify reliance. Accordingly, petitioners have failed to satisfy this requirement to establish reliance on professional advice.

In addition, petitioners have not otherwise demonstrated that they acted with reasonable cause and in good faith. The record does not reflect that they relied on relevant authorities or competent advisers or otherwise made a reasonable effort to assess their proper tax liability for the year in issue. See Thomas v. Commissioner, T.C. Memo. 2013-60; see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. at 98-99; Humphrey, Farrington & McClain, P.C. v. Commissioner, T.C. Memo. 2013-23; sec. 1.6664-4(b)(1), Income Tax Regs. Accordingly, we sustain respondent's determination that petitioners are liable for the accuracy-related penalty under section 6662(a).

## Conclusion

We have considered all of the arguments advanced by petitioners and, to the extent not expressly addressed, we conclude that those arguments are without merit, moot, or irrelevant.

To give effect to our disposition of the disputed issues,

<u>Decision will be entered for</u>

<u>respondent</u>.