T.C. Memo. 2015-44

UNITED STATES TAX COURT

ADA MAE PITTMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26575-12.                          Filed March 16, 2015.

Ada Mae Pittman, pro se.

<u>Christopher A. Pavilonis</u> and <u>A. Gary Begun</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  Respondent determined a $7,500 deficiency in petitioner's

Federal income tax for 2008 and a $1,500 accuracy-related penalty under section

6662.[1]  Respondent has conceded that pursuant to <u>Rand v. Commissioner</u>, 141

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedures.

[*2] T.C. 376, 395-396 (2013), the accuracy-related penalty under section 6662(a) does not apply. Accordingly, the only remaining issue for our decision is whether petitioner is entitled to the first-time homebuyer credit provided in section 36. For the reasons explained herein, we hold that petitioner is not entitled to the first-time homebuyer credit.

## Background

All the facts in evidence have been stipulated and are so found. Petitioner resided in Florida when she filed the petition.

On January 22, 2007, James Piotrowski, Jr., entered into an agreement to lease to petitioner the residence at 8348 Pepperwood Drive, Jacksonville, Florida (Pepperwood residence).[2] On January 22, 2007, Piotrowski and petitioner also entered into an option contract for petitioner to acquire the Pepperwood residence which expired January 31, 2008. Petitioner was required to meet certain conditions in order to exercise the option contract, including closing on the purchase of the home; failure to meet these conditions would result in the option contract's becoming void. Petitioner paid a $1,250 option fee that would be applied to the purchase price if the option contract was exercised. Petitioner also

---

[2]Piotrowski acted on behalf of his wholly owned company Bluefin Investment Group, Inc., a title company that held real estate investment properties, including the Pepperwood residence.

**[*3]** paid an additional $150 per month to be applied against the purchase price if the option contract was exercised. Petitioner did not exercise the option contract because she was unable to obtain adequate financing for the purchase. Petitioner and Piotrowski never executed a sales contract for the Pepperwood residence.

Piotrowski filed for chapter 7 bankruptcy on November 26, 2008.[3] On March 9, 2009, petitioner filed an adversary complaint against Piotrowski because of his alleged failure to sell the Pepperwood residence to her. Petitioner's bankruptcy court pleadings indicate she never purchased the Pepperwood residence and never acquired title to it. Petitioner contended that Piotrowski intended to defraud her with respect to the option contract. Petitioner's adversary complaint in bankruptcy court against Piotrowski indicates that she entered into an option contract to purchase the Pepperwood residence. However, petitioner never exercised the option contract, and her adversary proceeding against Piotrowski was dismissed.

Petitioner resided at the Pepperwood residence temporarily. Petitioner provided a cable bill that showed she received cable service at the Pepperwood residence. However, petitioner did not produce a U.S. Department of Housing and Urban Development settlement statement, a deed, a closing statement, an executed

---

[3]Piotrowski passed away on November 25, 2010.

[*4] purchase agreement, or any other document to substantiate that she ever purchased or acquired an interest in the Pepperwood residence.

Petitioner timely filed her 2008 Federal income tax return. Petitioner's income was reduced by various deductions and exemptions, resulting in taxable income of $228 and a tax liability of $24. Petitioner claimed a first-time homebuyer credit of $7,500.

Petitioner timely filed a petition with this Court requesting redetermination of the deficiency and the accuracy-related penalty for the 2008 tax year. Petitioner attached Form 12661, Disputed Issue Verification, to her petition, which stated that she did not owe the adjustment amount of $10,212.47.

## Discussion

As a general rule, the taxpayer bears the burden of proving by a preponderance of the evidence that the Commissioner's determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any credit claimed. Deputy v. du Pont, 308 U.S. 488, 493 (1940); Segel v. Commissioner, 89 T.C. 816, 842 (1987). Section 36(a) allows an individual who is a first-time homebuyer of a principal residence in the United States to claim a tax credit for the year the residence is purchased.

**[*5]** Respondent contends that petitioner is not entitled to the claimed first-time homebuyer credit because she did not purchase the residence and is not a "first-time homebuyer". We agree.

A first-time homebuyer is any individual who has had no present ownership interest in a principal residence during the three-year period ending on the date of the purchase of the principal residence in question. Sec. 36(c)(1); Foster v. Commissioner, 138 T.C. 51, 53 (2012). The term "purchase" means any acquisition, but only if (i) the taxpayer did not acquire the property from a related person and (ii) the taxpayer's basis in the property is not determined, in whole or in part, by reference to the adjusted basis of the property in the hands of the person from whom the taxpayer acquired the property, or determined under section 1014(a). Sec. 36(c)(3). To decide when a sale of property is complete for tax purposes, we examine all the surrounding facts and circumstances. Baird v. Commissioner, 68 T.C. 115, 124 (1977). However, the focus of our inquiry is on when the benefits and burdens of ownership shifted. Id. Generally, a transfer is complete upon the earlier of the transfer of title or the shift of the benefits and burdens of ownership. Deyoe v. Commissioner, 66 T.C. 904, 910 (1976) (citing Dettmers v. Commissioner, 430 F.2d 1019, 1023 (6th Cir. 1970), aff'g Estate of Johnston v. Commissioner, 51 T.C. 290 (1968)).

**[*6]** An option to purchase in Florida does not give the optionee an equitable interest in realty until the option is exercised. Mathews v. Kingsley, 100 So. 2d 445, 446 (Fla. Dist. Ct. App. 1958). Until an optionee exercises the right to purchase in accordance with the terms of the option, the optionee has no estate, either legal or equitable, in the lands involved. Old Port Cove Holdings, Inc. v. Old Port Cove Condominium Ass'n One, Inc., 986 So. 2d 1279, 1286-1287 (Fla. 2008). Instead, it has been long held under Florida law that "'the status of parties to the ordinary lease with an option to purchase remains that of landlord and tenant until the option is exercised and * * * the lessee has no equitable interest in the property.'" Id. at 1287 (quoting Leon Cnty. Educ. Facilities Auth. v. Hartsfield, 698 So. 2d 526, 530 (Fla. 1997)).

The provisions of section 36(c) are clear. A taxpayer must actually acquire a property in order to claim the first-time homebuyer credit. Petitioner did not provide any documentation substantiating her purchase of the Pepperwood residence. Additionally, the option contract was never exercised and petitioner did not have an equitable interest in the Pepperwood residence as a result. It is clear that petitioner never purchased the Pepperwood residence and therefore is not entitled to the claimed first-time homebuyer credit.

**[\*7]**   In reaching our holdings herein, we have considered all arguments the parties made, and to the extent we did not mention them above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent as to the deficiency and for</u>

<u>petitioner as to the accuracy-related penalty</u>

<u>under section 6662(a)</u>.