T.C. Summary Opinion 2016-5

UNITED STATES TAX COURT

JAMES W. BLACKBOURN, II AND ANGEL M. BLACKBOURN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5964-12S.                          Filed January 28, 2016.

James W. Blackbourn, II and Angel M. Blackbourn, pro se.

Courtney S. Bacon, for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated December 5, 2011 (notice), respondent determined a $7,500 deficiency in petitioners' 2008 Federal income tax and imposed a $1,500 section 6662(a) accuracy-related penalty. The issues for decision are whether petitioners: (1) are entitled to the first-time homebuyer credit (FTHBC) claimed on their 2008 Federal income tax return (2008 return) and (2) are liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioners resided in Georgia.

On June 30, 2004, James W. Blackbourn II (petitioner) purchased a house at 1504 Sycamore Drive, Kennesaw, Georgia (Sycamore property). While the financing arrangements are less than clear, it appears that petitioner obtained a mortgage to finance the acquisition of the Sycamore property. A "Second Home Rider", dated June 13, 2004, incorporated into the mortgage provided that the

---

[1](...continued)
Code of 1986, as amended, in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

Borrower shall occupy, and shall only use, the Property as Borrower's second home. Borrower shall keep the Property available for Borrower's exclusive use and enjoyment at all times, and shall not subject the Property to * * * [an] agreement that requires Borrower either to rent to the Property or give a management firm or any other person any control over the occupancy or use of the Property.

Petitioner moved from Wisconsin to live in the Sycamore Property on or around June 30, 2004.

Petitioners met in April 2005. In August 2005 Mrs. Blackbourn leased an apartment at 605 Belcourt Parkway, Roswell, Georgia (Belcourt property), for a one-year term. Petitioner would often spend the night at the Belcourt property.

In August 2006, when Mrs. Blackbourn's lease ended, she moved into the Sycamore property; a month later petitioners were married. They lived in the Sycamore property until May 2007 and then moved into a property at 1349 Shaw Drive, Marietta, Georgia (Shaw property), that they leased until February 2008. Petitioners moved into another leased property at 2025 Castlemaine Circle, Woodstock, Georgia (Castlemaine property), and lived there until September 2008.

On September 25, 2008, petitioners purchased a house at 182 Fred Bishop Drive, Canton, Georgia (Canton property).

Petitioner used the Sycamore property address on his 2004 and 2005 Federal income tax returns and claimed home mortgage interest deductions for the Sycamore property on Schedules A, Itemized Deductions, attached to those returns.

Petitioners used the Sycamore property address on their 2006 and 2007 joint Federal income tax returns and claimed home mortgage interest deductions for that property on Schedules A attached to those returns.

During 2005 through 2007 petitioners received mail, including various tax documents such as Forms W-2, Wage and Tax Statement, Forms 1098, Mortgage Interest Statement, and Forms 1099-MISC, Miscellaneous Income, at the Sycamore property. Petitioners also received some of their tax documents at the Shaw property during those years.

Petitioner claimed a homestead exemption with respect to the Sycamore property for 2005, 2006, 2007, and 2008.

Petitioners' 2008 return was efiled on March 1, 2009. Included with the 2008 return is a Form 5405, First-Time Homebuyer Credit, on which petitioners claimed the FTHBC here in dispute. The FTHBC is attributable to the Canton property.

In the notice respondent: (1) disallowed the FTHBC for petitioners' failure to "meet the requirement of a First Time Homebuyer" and (2) imposed an accuracy-related penalty under section 6662(a) upon various grounds.

Petitioners' 2010 through 2014 Federal income tax returns each include a Form 5405, Repayment of the First-Time Homebuyer Credit. On those returns petitioners reported a Federal income tax liability $500 greater than otherwise due because of the FTHBC claimed on the 2008 return.[2]

## Discussion

### I. FTHBC

Like deductions, credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any credit claimed. See Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Segel v. Commissioner, 89 T.C. 816, 842 (1987).[3]

---

[2]Under the circumstances of this case, the FTHBC, as then allowable, resembled more a non-interest-bearing loan repayable through increases to a taxpayer's otherwise due Federal income tax for subsequent periods than it did a credit. See sec. 36(f)(1).

[3]Petitioners argue that they are entitled to a shift in the burden of proof pursuant to sec. 7491(a). However, because our resolution of this case is based on the preponderance of the evidence rather than the allocation of the burden of

(continued...)

Section 36(a) allows a credit for a first-time homebuyer of a principal residence. A first-time homebuyer is defined as any individual (and if married, such individual's spouse) who has had no present ownership interest in a principal residence during the three-year period ending on the date of the purchase of the principal residence in question. Sec. 36(c)(1); Foster v. Commissioner, 138 T.C. 51, 53 (2012).

Petitioners are eligible as first-time homebuyers if neither petitioner nor Mrs. Blackbourn had a present ownership interest in a principal residence during the relevant period. See sec. 36(c)(1); Goralski v. Commissioner, T.C. Memo. 2014-87. Pursuant to section 36(c)(1) and (3), petitioners are considered to have "purchased" the Canton property on September 25, 2008. Accordingly, petitioners are eligible as first-time homebuyers only if they had no present ownership interest in a principal residence after September 24, 2005, and before September 25, 2008.

According to respondent, petitioners were not first-time homebuyers within the meaning of section 36(c)(1) with respect to the Canton property because petitioner owned and used the Sycamore property as his principal residence during the three-year period preceding petitioners' purchase of the Canton property.

---

[3](...continued)
proof, we do not consider petitioners' claim. See Blodgett v. Commissioner, 394 F.3d 1030, 1039 (8th Cir. 2005), aff'g T.C. Memo. 2003-212.

Petitioners readily acknowledge that during the relevant period petitioner owned the Sycamore property, but they contend that the Sycamore property was not his "qualified principal residence" because his principal residences were instead the Belcourt, Shaw, and Castlemaine properties during the relevant time. Furthermore, petitioners assert that when petitioner purchased the Sycamore property he intended to rent the property as opposed to using it as his principal residence.

For purposes of the FTHBC, section 36(c)(2) provides that the term "principal residence" has the same meaning as in section 121. Whether a taxpayer uses a property as his principal residence depends upon all the facts and circumstances. See sec. 1.121-1(b)(2), Income Tax Regs. Ordinarily, the taxpayer's principal residence is the property the taxpayer uses during most of the year. See id. Section 1.121-1(b)(2), Income Tax Regs., provides:

> (2) Principal residence. * * * In addition to the taxpayer's use of the property, relevant factors in determining a taxpayer's principal residence, include, but are not limited to--
>
> (i) The taxpayer's place of employment;
>
> (ii) The principal place of abode of the taxpayer's family members;

(iii) The address listed on the taxpayer's federal and state tax returns, driver's license, automobile registration, and voter registration card;

(iv) The taxpayer's mailing address for bills and correspondence;

(v) The location of the taxpayer's banks; and

(vi) The location of religious organizations and recreational clubs with which the taxpayer is affiliated.

In analyzing whether a taxpayer uses a particular property as his principal residence, we also have considered whether the taxpayer claimed a homestead exemption for the property. See Wickersham v. Commissioner, T.C. Memo. 2011-178.

Petitioner claimed a homestead exemption with respect to the Sycamore property for 2005, 2006, 2007, and 2008. Under Georgia law the homestead of each resident of Georgia "actually occupied by the owner as a residence and homestead shall be" entitled to the exemption. Ga. Code Ann. sec. 48-5-44 (West 2010). The Georgia statutes also provide that a homestead "means the real property owned by and in possession of the applicant on January 1 of the taxable year and upon which the applicant resides". Id. sec. 48-5-40(3) (West 2015 & Supp. 2015).

Petitioner owned the Sycamore property during 2004 through 2008. In addition to claiming homestead exemptions, petitioner claimed home mortgage interest deductions[4] with respect to the Sycamore property, and he received mail, including tax documents and information returns, there. Moreover, he resided at the Sycamore property during most of 2005, even if he often spent the night at the Belcourt property that Mrs. Blackbourn leased from August 2005 until August 2006. With respect to petitioners' contention that petitioner purchased the Sycamore property as rental property, we find petitioner's testimony on the point to be in contradiction to: (1) the clause in the "Second Home Rider" precluding him from renting the property and (2) his occupancy of the property on or around the day he purchased it. Taking into account all of the facts and circumstances, we find on the preponderance of the evidence that the Sycamore property was petitioner's principal residence for 2005. Accordingly, petitioner is not a "first-time homebuyer" within the meaning of section 36(c)(1). Because petitioner is not

---

[4]For 2004, 2005, 2006, and 2007 petitioner and/or petitioners claimed home mortgage interest deductions for the Sycamore property. Petitioner and/or petitioners could properly claim a home mortgage interest deduction if he and/or they paid or accrued interest on indebtedness with respect to a qualified residence. See sec. 163(h)(3)(A). A "qualified residence" is defined as the taxpayer's principal residence, within the meaning of sec. 121, and one other residence that the taxpayer used as a residence during the taxable year. See sec. 163(h)(4)(A)(i)(I) and (II).

a first-time homebuyer, petitioners are not first-time homebuyers within the meaning of section 36(c)(1) and therefore are not entitled to the FTHBC.

Separate and apart from the main issue, we note that the deficiency here in dispute does not take into account the repayments that petitioners made with their 2010 through 2014 Federal income tax returns with respect to the FTHBC claimed on their 2008 return. Because the definition of a deficiency as found in section 6211 does not take into account the increases in a taxpayer's Federal income tax liability for subsequent periods required by section 36(f)(1), we cannot address this apparent inequity other than to point out that petitioners' remedy may lie in filing claims for refund on account of the overpayment of Federal income tax resulting from the application of section 36(f)(1). We expect that in response to any such claims, respondent will take the necessary action to ensure that petitioners' claims for refund, if made, will be processed consistent with the disallowance of the FTHBC here in dispute.

## II. Section 6662(a) Accuracy-Related Penalty

Lastly, we consider whether petitioners are liable for a section 6662(a) accuracy-related penalty for the year in issue. Relying upon various grounds, including a substantial understatement of income tax, respondent argues that they are. See sec. 6662(a)-(d).

Section 6662(a) imposes a penalty of 20% of the portion of an underpayment of tax attributable to, among other things, a substantial understatement of income tax. Sec. 6662(b)(2). An understatement of income tax is substantial within the meaning of section 6662 if, as relevant here, the understatement exceeds $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Respondent bears the burden of production with respect to the imposition of the penalty imposed in the notice and here in dispute, see sec. 7491(c), and that burden has been satisfied because the understatement of income tax will exceed $5,000, see secs. 6211, 6662(d)(2), 6664(a). That being so, it is petitioners' burden to establish that the imposition of the penalty is not appropriate. See Higbee v. Commissioner, 116 T.C. 438, 447 (2001); see also Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 6664(c)(1) provides that the section 6662(a) accuracy-related penalty does not apply to any portion of an underpayment if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good

faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Id. para. (b)(1).

The determination of petitioner's principal residence during the relevant time is subject to reasonable disagreement. In the light of the circumstances presented, we find petitioners acted in good faith and had reasonable cause for believing that they were entitled to the FTHBC on the basis of their belief that they both qualified as first-time homebuyers because the Sycamore property was not petitioner's principal residence at any time during the relevant period. Accordingly, petitioners are not liable for the section 6662(a) accuracy-related penalty.

To reflect the foregoing,

Decision will be entered

under Rule 155.
